IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 5:07-mc-00002

| | |
|---|---|
| COREY WILLIAMS, ARCHLEY BISSERETH, DAWN BLACK, SHAMIKA BRITT, ALVIN CATHOLIC, JOE DAVILA, RIVELYNO JEAN, JAVON McDOWALD, SINCLAIR McJOLLY and CALVIN SMITH,<br><br>Plaintiffs,<br><br>v.<br><br>LOWE'S HOME CENTERS INC.,<br><br>Defendant. | **ORDER** |

**THIS MATTER IS BEFORE THE COURT** on the Defendant's "Motion for Protective Order" (Document No. 1) filed February 21, 2007. This matter is now ripe for disposition.

Having considered the written arguments, administrative record, and applicable authority, the Court finds that the former Lowe's employee, David Johnson, should be restricted in his testimony to matters not protected by the attorney-client privilege or work-product doctrine. Accordingly, Defendant's Motion for a protective order is **GRANTED**.

## BACKGROUND

On October 26, 2004, the Plaintiffs filed a complaint against Lowe's in the United States District Court for the Middle District of Florida alleging ten individual discrimination and/or

1

retaliation claims on the basis of race and/or sex in violation of 42 U.S.C. § 1981, Title VII of the Civil Rights Act, and the Florida Civil Rights Act. Each Plaintiff filed an individual charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"). Subsequently, the EEOC issued to Lowe's individual notices regarding each Plaintiff's charge, requesting that the company provide responsive evidence, including documents and statements of position. Of ten notices issued by the EEOC to Lowe's, five were specifically addressed to David Johnson, who at the time worked as Lowe's Legal Compliance Specialist under the direction of Lowe's Legal Department.

David Johnson was employed by Lowe's as a Legal Compliance Specialist from October 7, 2002 to December 20, 2003. As a Legal Compliance Specialist, Johnson received his assignments, supervision, and direction from lawyers in Lowe's Legal Department. Johnson was tasked by Lowe's former Senior Counsel, Harley Jones, with the responsibility of investigating at least some of the individual EEOC charges filed by the Plaintiffs.

This motion for a protective order arises from the deposition of David Johnson, which was taken on February 21, 2007. Mr. Johnson had previously contacted the Plaintiffs' attorney via email and stated that he believed he was fired from the position of Legal Compliance Specialist for opposing what he believed to be discriminatory hiring practices, and that he was familiar with Lowe's tactics and policies and would be glad to help with any questions. Conflict now exists between the parties as to what matters David Johnson should be allowed to testify.

## DISCUSSION

The Defendant argues this Court should enter a Protective Order pursuant to Fed. R. Civ. P. 45(c)(3)(A)(iii) which would prohibit any further questioning of former Lowe's Legal

Compliance Specialist David Johnson regarding Johnson's substantive involvement with the investigation of Plaintiff's claims, or other knowledge gained through privileged communication with Lowe's in-house counsel.

The work-product doctrine protects from discovery written documents, private memoranda, personal recollections, mental impressions, personal beliefs, and other tangible and intangible manifestations prepared or formed by an adverse party's counsel in the course of performing his/her legal duties. Hickman v. Taylor, 329 U.S. 495, 510 (1947). The work-product doctrine protects the opinions of any client representative, not just lawyers. Duplan Corp. V. Deering Milliken, Inc., 540 F.2d 1215, 1219 (4th Cir. 1976).

Here, Johnson's knowledge of the facts relevant to this case is completely based in his time as a Legal Compliance Specialist. In that position, Johnson's work is privileged under the work-product doctrine. Although the underlying facts are not privileged, Johnson's knowledge of those facts was only acquired through his professional position. As such, Johnson cannot be deposed on any facts relating to his time as a Legal Compliance Specialist.

**IT IS THEREFORE ORDERED** that Defendant's motion for a protective order is **GRANTED**.

Signed: January 25, 2008

Graham C. Mullen
United States District Judge